**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------X

WINKING GROUP, LLC,

                   Plaintiff(s),

      -against-

ASPEN AMERICAN INSURANCE COMPANY,

                  Defendant(s).

-------------------------------------------------------------------------X

Civil Action No.
1:16-cv-7401-LGS

RULE 56.1 STATEMENT
OF UNDISPUTED
MATERIAL FACTS

In support of its Motion for Summary Judgment, defendant submits the follow statement of undisputed facts.

1. The insurance policy issued by Aspen American Insurance Company to plaintiff contains the following provision:

> 2. We will not pay for loss or damage caused by or resulting from any of the following:
>
> \*\*\*
>
> h. Dishonest or criminal act by you, any of your partners, members, officers, managers, employees (including leased employees), directors, trustees, authorized representatives **or anyone to whom you entrust the property for any purpose:**
>
> > (1) Acting alone or in collusion with others; or
> >
> > (2) Whether or not occurring during the hours of employment.
>
> This exclusion does not apply to acts of destruction by your employees (including leased employees); but theft by employees (including leased employees) is not covered.

2. The plaintiff leased the premises to Ming Dynasty, Inc. which subsequently sub-leased the involved premises to sub-tenant East Market, Inc, which occupied and operated said

premises with the knowledge and consent of the plaintiff. *See* par. 5 and 6 of the Declaration of Mark L. Antin in Support of the Motion for Summary Judgment (hereinafter "Antin Decl.").

3.      There had been an ongoing financial and legal dispute between the Winking Group, LLC (hereinafter "Plaintiff") and the tenant and subtenant of the premises located at 75 East Broadway which resulted in a complaint for eviction and a Stipulation of Settlement dated November 13, 2014, which allowed the sub-tenant, East Market, Inc., to continue occupancy. *See* Antin Decl., par. 7 and Exh. F thereto.

4.      On or about January 10, 2015, the premises were "posted" and the sub-tenant, East Market, was evicted. *See* Ballot Aff., par. 8.

5.      Subsequently, the vandalism occurred sometime before or after January 10, 2015, when the warrant for possession was executed. *See* Antin Decl., par. 8 and 11 and Exh. I.

6.      Plaintiff filed an insurance claim with defendant, Aspen, as indicated by the Property Loss Notice annexed to the Ballot Aff as Exh. A.

7.      Defendant's insurance adjuster, Todd Ballot, was informed by representatives of the plaintiff that the damage to the premises was caused by the sub-tenant. *See*, Ballot Aff., par. 11.

8.      Plaintiff's representatives reported to the New York City Police Department that the damage was caused by the sub-tenant. *See*, Antin Decl., par. 9.

9.      Plaintiff's tenant filed a complaint in the Supreme Court of New York alleging that East Market and its principals "caused damage" to the premises. *See*, Antin Decl., par. 13.

10.     There were no signs of forced entry to the premises and it appears that whoever perpetrated the vandalism had a key to the premises. *See* Ballot Affidavit, par. 10.

12.    Representatives of the plaintiff testifying at examinations under oath as part of Aspen's insurance investigation, again identified the sub-tenants as having caused the vandalism damage. *See*, Antin Decl., par. 10.

13.    The damage to the premises was caused by persons to whom the premises were entrusted, within the meaning of the exclusion for entrustment of property referred to in par. 1., such that the exclusion applies to prevent the plaintiff from recovering under its insurance policy.

Dated: New York, New York
     May **31**   , 2017

        GENNET, KALLMANN, ANTIN,
         SWEETMAN & NICHOLS, P.C.
        Attorneys for Defendant,
        Aspen American Insurance Company
        115 Broadway, Goldman Suite 302
        New York, NY 10006
        (212) 406-1919
        Our File No.: 14-8781:260.0157-A

        By: _____
              MARK L. ANTIN

TO:    Craig A. Blumberg, Esq.
      Law Office of Craig A. Blumberg
      Fifteen Maiden Lane – 20th Floor
      New York, New York 10038-4003
      Attorneys for Plaintiffs