**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------X

WINKING GROUP, LLC,

                   Plaintiff(s),

      -against-

ASPEN AMERICAN INSURANCE COMPANY,

              Defendant(s).

-----------------------------------------------------------------------X

Civil Action No.
1:16-cv-7401-LGS

**AFFIDAVIT**
**OF**
**TODD BALLOT**

STATE OF NEW YORK    )
                         )   ss.:
COUNTY OF NEW YORK  )

    I, TODD BALLOT, over the age of 18 years, being duly sworn, state the following under oath:

    1.    I am an insurance adjuster employed by U.S. Adjustment Corp. and have been an insurance adjuster for more than 17 years. I make this affidavit upon personal knowledge, except where otherwise indicated.

    2.    This affidavit is respectfully submitted to the Court in support of defendant's motion for summary judgment because the insured's claim is excluded by a provision of the policy which states there is no coverage if the loss occurred as a result of the acts of someone to whom the premises had been entrusted.

    3.    Annexed hereto as **Exhibit A** is a Property Loss Notice submitted to Aspen by the insured's insurance broker for a loss occurring at 75 East Broadway, New York, NY. The matter was then assigned by Aspen to my employer, U. S. Adjustment Corp.

1

4.      I was assigned by U.S. Adjustment Corp. to handle this claim. As such, I received information from the insured and I also communicated with assigned counsel who Aspen American Insurance Company retained in connection with a coverage investigation.

5.      I was present at the loss location on February 6, 2015. Also present were representatives of the insured, The Winking Group. In particular, Messrs. Ko and Zi were on hand on behalf of the Winking Group at the time of my inspection and they provided certain information to me regarding the cause of the loss.

6.      From those representatives, I learned that Ming Dynasty Restaurant, LLC was a tenant of the building and the Ming had further sub- leased the premises to East Market, Inc., to operate a restaurant in the building. I further learned that the subtenant's status to occupy the premises was known to the plaintiff, Winking Group, LLC, and that the tenancy was with the plaintiff's permission.

7.      I further became aware that there had been financial difficulties involving East Market resulting in non-payment of rent and that, as a result, the plaintiff filed for possession of the property in 2014. Annexed hereto as **Exhibit B** is a Stipulation of Settlement which permitted the sub-tenant to remain in the premises until on or about January 10, 2015.

8.      It was further communicated to me by the above representatives that the conditions of the Stipulation of Settlement were not modified. As a result, sometime around January 10, 2015, the warrant for eviction was served and the premises were posted.

9.      At the time I was present at the scene, a notice had been posted on the first floor entrance to the restaurant. Annexed hereto as **Exhibit C** is a copy of my photograph depicting that notice.

2

10.    Also at the time of my first inspection, I noted that the premises were secure; meaning the first-floor door adjacent to the sidewalk of the premises was closed and locked. There were no signs of forced entry

11.    The plaintiff's representatives who met me at the site informed me that the conditions inside the premises were caused by the sub-tenant though they did not state exactly when the damage occurred. That is exactly what they reported to the New York City Police Department. See, police report annexed to the Antin Declaration as Exh. H.

12.    I entered the premises, viewed and photographed the damage and subsequently returned to the premises with a builder. Some of my photos are annexed hereto as **Exhibit D**.

13.    As indicated above, contemporaneous with the adjustment of the loss, Aspen retained the legal services of Stanley W. Kallmann, Esq., who initiated procedures to examine representatives of the insured under oath.

14.    Upon conclusion of the examinations under oath and after the procurement of documents from the insureds, it appeared to me, based on Mr. Kallmann's recommendation, that an exclusion in the policy precluded coverage for the claimed damage.

15.    I made that recommendation to Aspen, which agreed and authorized me to author a denial letter. Annexed hereto as **Exhibit E** is a copy of a denial letter which I sent to the insured.

16.    This lawsuit followed.

17.    Based on the facts set forth herein and in the other pleadings presented in support of the pending motion, I respectfully request that the Court grant summary judgment and dismiss the complaint with prejudice.

DATED:  May 30, 2017

_____
TODD BALLOT


Sworn to and subscribed before me on

this 30ᵗʰ of May, 2017

_____
Notary Public
My Commission expires: April 28ᵗʰ, 2019

BRENDA D. CARNEGIE
Notary Public, State of New York
No. 01CA6091657
Qualified in Bronx County
Commission Expires April 28, 2019